UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chris J. Hackbart, et al., | ) | CASE NO. 1: 15 CV 571 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC Home Loans Servicing, L.P., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon the Motion to Dismiss of Defendants BAC Home Loans Servicing, LP, America's Wholesale Lender, and Bank of America, N.A. This case arises out of a mortgage loan obtained by plaintiffs in 2007 in Wisconsin. The issue before the Court is whether there exists personal jurisdiction over the moving defendants.[1] For the following reasons, the motion is GRANTED.

### Facts

---

[1] Defendant Great Lakes Financial, alleged to have offices in Wisconsin and to have been administratively dissolved by the State of Wisconsin, did not join in the motion. However, it does not appear that this defendant has been served.

Plaintiffs Chris J. Hackbart and Faye A. Hackbart aka Fayne A. Hackbart, proceeding *pro se*, filed this Verified Complaint for Fraud, Recission, Injunctive Relief, Violation of Federal Truth in Lending Act, [and] Unfair Business Practices against defendants BAC Home Loans Servicing, LP (hereafter, BAC), America's Wholesale Lender (hereafter, AWL), Bank of America, N.A. (hereafter, BANA), Great Lakes Financial, LLC, and Does 1-10.

Plaintiffs reside in Wisconsin and none of the defendants are Ohio citizens. The Complaint alleges the following. Plaintiffs executed a promissory note in favor of AWL in 2007. At that time, plaintiff also executed a mortgage securing the note. The mortgage encumbered property located in Wisconsin. The mortgage loan[2] was originated through Great Lakes Financial, LLC, a loan broker with offices in Wisconsin. The original lender was AWL, which has offices in California and does business in Ohio. AWL failed to make proper disclosures concerning the mortgage loan. The mortgage loan, appended to the Complaint, shows that it was closed in Wisconsin.

At some point, AWL merged with, or was owned by, Countrywide Home Loans, Inc. (not a party herein), which was subsequently merged with BANA. BANA became the assignee lender. BANA has offices in North Carolina and does business in Ohio.

BAC, with offices in Texas, is BANA's servicer with respect to the mortgage loan and in 2011, BAC recorded a notice of default for the mortgage loan. The sub-prime mortgage meltdown and loss of work had caused plaintiffs to fall behind on mortgage payments.

Plaintiffs assert various claims relating to defendants' alleged failure to disclose the costs, fees, and interest associated with the mortgage loan. Plaintiffs seek to set aside the

---

[2] The mortgage loan consists of the note and the mortgage.

resulting foreclosure and cancellation of the mortgage loan, along with damages.

This matter is now before the Court upon Motion to Dismiss of Defendants BAC Home Loans Servicing, LP, America's Wholesale Lender, and Bank of America, N.A.

**Discussion**

Moving defendants seek dismissal on the basis of lack of personal jurisdiction and failure to state a claim. The Court will address the issue of jurisdiction first because in the absence thereof, dismissal of these defendants is appropriate.

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The plaintiff's burden is to make a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)  A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." *Neogen Corporation v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted).

The Sixth Circuit has clearly set forth the standard of review in a diversity case, as alleged to be the basis of subject matter jurisdiction here:

> [A] plaintiff must satisfy the state-law requirements for personal jurisdiction. Thus, [the plaintiff] must demonstrate that both due process and Ohio's long-arm statute are satisfied. We have recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits. Therefore, we begin by analyzing whether the requirements of Ohio's long-arm statute are met and then separately consider whether the exercise of jurisdiction would comport with due process.

*Schneider v. Hardesty*, 669 F.3d 693 (6th Cir. 2012) (citations omitted). Ohio's long-arm statute, establishing a statutory basis for jurisdiction over foreign defendants, states in part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an

>agent, as to a cause of action arising from the person's:
>
>(1) Transacting any business in this state;
>
>(2) contracting to supply services or goods in this state;
>
>...
>
>(6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state....

Ohio Rev.Code Ann. § 2307.382(A).

If the exercise of jurisdiction is proper under this statute, the Court looks to whether due process is satisfied:

>There are two forms of personal jurisdiction: general and specific. General jurisdiction is found where contacts are so continuous and systematic as to render a foreign defendant essentially at home in the forum State. Specific jurisdiction depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.
>
>\*\*\*
>
>[Specific jurisdiction employs a three-part analysis:] (1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Schneider,* 669 F.3d at 701 (citations and internal quotation marks omitted).

Defendants point out that the Complaint contains no apparent connection with Ohio. Rather, the case arises from lending activity that occurred in Wisconsin and concerns property located in Wisconsin. Based on the allegations of the Complaint, the only asserted basis of personal jurisdiction is that AWL "did business in the State of Ohio" and BANA "does business in the State of Ohio." (Compl. ¶¶ 3, 4) As such, defendants contend, there is no basis for

4

jurisdiction under Ohio's long-arm statute and there is no need to proceed to an analysis under the due process clause.

In response, plaintiffs do not address defendants' argument that Ohio's long-arm statute does not support the exercise of personal jurisdiction over them. At most, plaintiffs assert generally that defendants have offices in Ohio and that BANA "has many offices and property for sale in the State of Ohio." (Doc. 6 at 3, 4) However, because plaintiffs have not identified any connection between their claims and defendants' contacts with Ohio, plaintiffs have failed to satisfy their burden of establishing that jurisdiction exists.

Ohio's long arm statute requires that the damages at issue must arise from the defendant's contacts with Ohio and that there be a proximate cause relationship between the two. *JM-Nipponkoa Ins. Co., Ltd. v. Dove Transp., LLC*, 2015 WL 145041 (S.D.Ohio 2015)(citing *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006)). Accordingly, because under Ohio law a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute, a defendant's contacts that are unrelated to plaintiff's claims cannot support a finding of personal jurisdiction. *Veteran Payment Systems, LLC v. Gossage*, 2015 WL 545764 (N.D.Ohio February 10, 2015) (citations omitted).

Thus, in the absence of any showing that the claims herein arise from defendants' Ohio contacts, the long-arm statute has not been satisfied. Moreover, the Complaint shows that this cause of action occurred exclusively in Wisconsin. There is no allegation that defendants' activities in Ohio gave rise to plaintiffs' claims. Therefore, plaintiffs have failed to meet their burden of establishing personal jurisdiction under Ohio's long-arm statute and there is no need to

analyze the due process requirements. *Conn v. Zakharov*, 667 F.3d 705 (6th Cir. 2012) ("In other words, if jurisdiction is not proper under Ohio's long-arm statute there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found.")

Having found no personal jurisdiction the Court need not (and is unable to) determine whether the individual claims fail to state a claim.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss of Defendants BAC Home Loans Servicing, LP, America's Wholesale Lender, and Bank of America, N.A. is granted.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
    PATRICIA A. GAUGHAN
    United States District Judge


Dated: 6/8/15